**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

UNITED STATES OF AMERICA,

    **Plaintiff,**

       v.

ANGEL LUIS RIVERA-RIVERA (53)

    **Defendants**

CASE No. 09-cr-165-53 (RAM)

<u>**OPINION AND ORDER**</u>

RAÚL M. ARIAS-MARXUACH, U.S. District Judge

    This matter comes before the Court on Defendant Angel Luis Rivera-Rivera's *Motion for Release Pending Appeal* (Docket No. 5249) and *Motion for Release Pending Appeal Without Opposition* (Docket No. 5289) (collectively, "Motions for Release"). The *Motions for Release* are **DENIED** because the Court finds that Defendant Angel Luis Rivera-Rivera ("Defendant or Rivera-Rivera") did <u>not</u> raise a substantial question of law or fact likely to result in reversal of the Sentence upon revocation of supervised release ("the Sentence") imposed by the prior District Judge. Defendant did not preserve his claim of procedural error for appeal and, in any event, any error was harmless because the Sentence imposed by another Judge in this District was not substantively unreasonable.

# I. BACKGROUND

On October 22, 2012, Defendant Rivera-Rivera pled guilty to Count One of the Indictment, which charged a violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii), 846, and 860 (Conspiracy to Distribute Narcotic Controlled Substances). (Docket Nos. 2179 and 2180). On May 13, 2013, he was sentenced to sixty-three (63) months of imprisonment and, upon release from imprisonment, a supervised release term of eight (8) years. (Docket No. 2356). Defendant Rivera began his supervised release term of eight (8) years on October 20, 2014. (Docket No. 5061).

On September 10, 2018, the Probation Officer filed a *Motion Notifying Violations to Conditions of Supervised Release and Requesting the Issuance of an Arrest Warrant*. Id. The *Motion* stated that Defendant Rivera-Rivera had violated the following conditions of release: (a) "[t]he defendant shall not commit another federal, state or local crime;"(b)"[t]he defendant shall not unlawfully possess a controlled substance"; (c) "the defendant shall report to the probation officer"; and (d) "the defendant shall notify the [probation] officer within seventy-two hours of being [arrested] or [questioned] by a law enforcement officer." Id. The first two (2) conditions were mandatory, whereas the last two (2) were standard conditions.

A final revocation hearing was held before the Honorable Carmen C. Cerezo, U.S. District Judge, on March 29, 2019. (Docket

No. 5196). Defendant was represented by an Assistant Federal Public Defender. Id. at 1. He did not contest any of the violations. Id. After hearing the parties, Judge Cerezo determined that he had committed a Grade "A" violation of the conditions of supervised release and imposed a term of imprisonment of twenty-one (21) months to be served consecutive to the sentence imposed by the Court of First Instance of the Commonwealth of Puerto Rico in Case No. KSC2018G0295. (Docket No. 5131 at 2). Judge Cerezo also imposed a supervised release term of two (2) years, imposed special conditions and advised Defendant of his right to appeal. Id. at 3. At no point during the final revocation hearing did Defendant's counsel specifically object to the District Court's finding of Grade "A" violations. (Docket No. 5196). Instead, Defendant's counsel merely made a general objection to the sentence on revocation which is quoted below. Id. at 18.

Defendant Rivera-Rivera filed a Notice of Appeal to the First Circuit on April 2, 2019. (Docket No. 5132). He filed his brief on the merits before the First Circuit on or about January 25, 2020. (Docket No. 5249-1). On January 27, 2020, Defendant filed his *Motion for Release Pending Appeal* arguing that his appeal raises a substantial question of law likely to result in reversal or a "reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." (Docket No. 5249 at 3) (quoting 18 U.S.C. § 3143(b)(1)).

On March 2, 2020, he also filed a *Motion for Release Pending Appeal Without Opposition* (Docket No. 5289).

According to Defendant Rivera-Rivera:

- He was convicted of violations of Article 404 of Puerto Rico's Controlled Substances Act which on its face penalizes simple possession and thus it is not a "controlled substances offense" as defined by the U.S. Sentencing Guidelines which requires to manufacture, import, export or distribute controlled substances or the intent to do so;

- There is no evidence of the record that would support findings that he committed conduct constituting a "controlled substance offense," rather the record allegedly supports a finding of *simple* possession of controlled substances.

- In the absence of a record which supports a finding of a "controlled substance offense" requiring a distribution or manufacturing intent, Judge Cerezo could not find Grade "A" violations under Section 7B.1.1(a)(1) of the Policy Statements on Violations of Probation and Supervised Release of the U.S. Sentencing Guidelines. Id. at 3-8.

Thus, Defendant contends that he committed Class "B" violations with a guideline range of six (6) to twelve (12) months of imprisonment rather than the fifteen (15) to twenty-one (21) months range for Class "A" violations. Id. at 7. He concludes that Judge Cerezo committed a *serious procedural error* that requires remand. Id.

Defendant's arguments are cogent and unopposed, but they do not carry the day. He did not preserve his claims of procedural error for appeal and the sentence imposed by Judge Cerezo on May 13, 2013 is not substantively unreasonable considering the

provisions in 18 U.S.C. § 3583 and the evidence on record regarding the sentencing factors in 18 U.S.C. § 3553. Thus, as discussed below, any error was likely harmless.

## II. STANDARD GOVERNING RELEASE PENDING APPEAL

There exists no federal constitutional right to be free pending an appeal. Instead, the standard of bail pending appeal is dictated by the Bail Reform Act of 1984. *See* 18 U.S.C. § 3143(b)(1). Under this standard, "there is no presumption in favor of release pending appeal." United States v. Vazquez-Botet, 2007 WL 316438, at *1 (D.P.R. 2007) (quoting United States v. Colon-Muñoz*,* 292 F.3d 18, 20 (1st Cir. 2002)). The Bail Reform Act further provides that a judicial officer shall detain a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari. *See* 18 U.S.C. § 3143(b)(1). This is required unless the officer encounters either of the following scenarios:

> A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any person or the community if released under section 3142(b) or (c) of this title; and
>
> B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. Id.

Defendants have the burden of proof in their requests for bail on appeal. United States v. Muñoz Franco, 356 F. Supp. 2d 20, 39 (D.P.R. 2005) (citation omitted).

Most notably, this "likely to result" standard does not mean that the District Court must "conclude that it is likely to be reversed by the Court of Appeals." United States v. Fournier-Olavarria, 796 F. Supp. 2d 285 (D.P.R. 2011) (quotation omitted). Instead, the standard is applied flexibly. *See* United States v. Colon-Muñoz, 292 F.3d 18, 20 (1st Cir. 2002). By presenting "a close question or one that very well could be decided the other way," defendants surpass the "likely to result" standard. United States v. Bravo-Fernández, 320 F. Supp. 3d 321, 324 (D.P.R. 2018) (quoting United States v. Zimny, 857 F.3d 97, 99 (1st Cir. 2017)).

On a final note, a party may not raise in a bail request or on appeal arguments not raised below. *See* United States v. Bayko*, 774 F.2d 516, 518 (citation omitted). A court may also not review objections which might have been raised below but were not properly preserved for appeal. *See* United States v. Soto-Soto, 855 F.3d 445, n.1 (1st Cir. 2017); United States v. Holmquist, 36 F.3d 154, 168 (1st Cir. 1994). In those scenarios, the Court would then only have discretion to review for plain error under Fed. R. Crim. P. 52(a). Under this benchmark, the Court will reverse only if a defendant shows: "(1) that an error occurred (2) which was clear

or obvious and which not only (3) affected the defendant's substantial rights, but also (4) seriously impaired the fairness, integrity, or public reputation of judicial proceedings." United States v. Taylor, 845 F.3d 458, 460 (1st Cir. 2017) (quoting United States v. Figueroa, 404 F.3d 537, 540 (1st Cir. 2005)).

## III. DISCUSSION

### A. Defendant Rivera-Rivera did not preserve his claim of procedural error for appeal.

At the end of Final Revocation hearing, Defendant Rivera-Rivera's counsel lodged this solitary objection:

> Just on behalf of Mr. Rivera, and for purposes of preserving his appeals rights, we just want the Court to note our objection to the sentence on revocation, Your honor. (Docket No. 5196 at 18).

Per First Circuit case law, "[a] general objection to the procedural reasonableness of a sentence is not sufficient to preserve a specific challenge to any of the sentencing court's particularized findings." Soto-Soto, 855 F.3d at 445, n.1. Moreover, "[t]o preserve a claim of error for appellate review, an objection must be sufficiently specific to call the district court's attention to the asserted error." Id. (emphasis added). For example, recently the First Circuit held in United States v. Colón-Maldonado, that defendant properly preserved his objections below, warranting review on appeal. *See* United States v. Colón-Maldonado, 2020 WL 1081661, at *4 (1st Cir. 2020). There, defendant

had stated at his final revocation that he "continue[d] to preserve [his] objections under Rule 32.1 to th[e] Court's findings under [Article] 3.2 and whether or not it qualifies as a crime of violence, to th[e] Court's findings under [§] 7B1.4(a) regarding what is the actual conduct in this case, and the substantive and procedural unreasonableness of the sentence that was ultimately imposed[.]" Id.

An objection such as the one in Colón-Maldonado was clearly not made, let alone preserved for appeal, in the case at bar. It would strain credulity to assert that Defendant Rivera-Rivera's above-quoted objection had sufficient specificity to preserve his manifold arguments that Judge Cerezo committed a "serious procedural error" by classifying his violations of the conditions of supervised release as Grade "A" Violations. The First Circuit has repeatedly held the same in similar cases to the one at bar. For example, in United States v. Matos-de-Jesús, the Court held that "[the] appellant objected below on procedural grounds, but his objection was altogether generic, not specific. He did not allude to, or even mention, the specific claim of error that he now seeks to raise." United States v. Matos-de-Jesús, 856 F.3d 174, 177 (1st Cir. 2017); see also, United States v. Ríos-Hernández, 645 F.3d 456, 462 (1st Cir. 2011) ("Although this is a general objection […], it was not sufficient to give the district court notice of the specific issue raised here—that the court

should have used the categorical approach to determine whether the defendant's conviction under the Abuse by Threat was a 'crime of violence.'"); <u>United States v. Ahrendt</u>, 560 F.3d 69, 76 (1st Cir. 2009) (applying plain error review to an argument on appeal where the defendant's generic objection could not "be fairly interpreted as giving notice to the court of [the] […] very specific issues [on appeal]"). Lastly, it bears repeating that Defendant's counsel did not take issue with the classification of the violations at any time during the final hearing on revocation before Judge Cerezo. (Docket No. 5196).

Since Defendant Rivera did not preserve his claim of error, the First Circuit's review will likely be under the deferential "plain error standard." <u>Soto-Soto</u>, 855 F.3d at 448. Among other things, this standard requires that the error "affect the defendant's substantial rights." <u>Id.</u> As explained below, the Court is of the view that Defendant will not be able to show "plain error" because his substantial rights were not affected insofar as the sentence was not substantively unreasonable.

**B. Defendant has not raised a substantial question of law likely to result in reversal because the sentence was not substantively unreasonable and thus the claimed error is likely harmless.**

While it appears that, on appeal, Defendant Rivera-Rivera hopes for a sentence in a range of six (6) to twelve (12) months of imprisonment based on a reclassification to Class "B" Violation,

the guideline ranges with respect to sentences for revocation of supervised release violations are considered "merely advisory." United States v. Daoust, 888 F.3d 571, 578 (1st Cir. 2018)(quoting Soto-Soto, 855 F.3d 451). More importantly, the Sentence imposed by Judge Cerezo is **not** substantively unreasonable considering the provisions in 18 U.S.C. § 3583, the sentencing factors in 18 U.S.C. § 3553, and the evidence on record.

The First Circuit has reiterated that "[a] sentence is substantively reasonable if the district court provided a 'plausible sentencing rationale and reached a defensible result.'" United States v. Gomera-Rodríguez, 2020 WL966276, at *4 (1st Cir. 2020) (quoting United States v. Coffin, 946 F.3d 1, 8 (1st Cir. 2019)). The Supreme Court has also stated that "[a]n inquiry into the substantive reasonableness of a sentence must 'take into account the totality of the circumstances, including the extent of any variance from the Guidelines range.'" United States v. Vargas-Dávila, 649 F.3d 129, 130 (1st Cir. 2011) (quoting Gall v. United States, 552 U.S. 38, 51 (2007)). To wit, this rationale can also be deduced by reviewing different aspects of a case's record such as "the transcript of the sentencing hearing, the court's written statement of reasons, and an examination of the points argued by the parties (including those memorialized in the presentence investigation report)." Id. at 130 (internal citations omitted). See also, United States v. Martin, 520 F.3d 87, 93 (1st Cir. 2008).

In the case at bar, Judge Cerezo provided a plausible
sentencing rationale. In imposing sentence and determining that a
Grade "A" violation was proper, she took into account that
"defendant had twice incurred in conduct, specifically, in the
possession of controlled substances for which the Commonwealth of
Puerto Rico courts sentenced him." (Docket No. 5196 at 15). He was
first sentenced "in the year 2016, with a term of imprisonment of
three years, and again in the year 2019, with a term of
imprisonment of one year." Id.

Judge Cerezo also reached a defensible result. The offense
that resulted in Defendant Rivera's original term of supervised
release is a Class "B" Felony. The maximum term of imprisonment
upon revocation in this scenario is three (3) years. *See* 18 U.S.C.
§ 3583(e)(3). In her Sentence upon revocation, Judge Cerezo imposed
a term of imprisonment of twenty-one (21) months which is fifteen
(15) months below the maximum allowed by statute in this case,
which is thirty-six (36) months. (Docket No. 5131 at 2). Expressed
as a percentage, the term of imprisonment in Judge Cerezo's
Sentence is forty-two percent (42%) **below** the maximum term allowed
by statute. In Vargas-Dávila, the First Circuit encountered a
similar situation wherein a defendant convicted for a Class B
felony had violated his supervised release twice. The Court
determined therein that a sentence of twenty-four (24) months "was

comfortably below this maximum [of thirty-six months]" and therefore reasonable. Vargas-Dávila, 649 F.3rd at 131.

The term of supervision upon revocation cannot "exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release." 18 U.S.C. § 3583(h). Because Defendant Rivera was originally convicted of a Class "B" Felony, the term of supervised release authorized by statute was five (5) years (unless otherwise provided). *See* 18 U.S.C. § 3583(b). This means that, upon revocation, he could have been sentenced to a maximum term of supervised release of thirty-nine (39) months given the above term of imprisonment.[1] Instead, Judge Cerezo imposed a supervised release term of twenty-four (24) months which is well below the maximum term of supervision authorized by statute in this case. (Docket No. 5131 at 3). Expressed as a percentage, the term of supervised release in Judge Cerezo's Sentence is thirty-eight percent (38%) **below** the maximum term of supervised release authorized by statute.

The First Circuit's Opinion in United States v. Sayer is instructive in this regard. *See* United States v. Sayer, 916 F.3d 32, 41 (1st Cir. 2019). In Sayer, the district court determined

---

[1] A sixty (60) month maximum term of supervised release for a Class "B" Felony minus the twenty-one (21) months of imprisonment yields the maximum term of supervised release upon revocation of thirty-nine (39) months.

that pursuant to Section 3583(h), it could impose a second supervised release term as long as it did not exceed the term of supervised release authorized for the underlying conviction, which was thirty-six months minus the term of imprisonment that was imposed upon revocation, which was twenty-four months. The Sayer Court further held that "[a]s thirty-six minus twenty-four equals twelve, simple arithmetic reveals that the new twelve-month supervised release term does not exceed the maximum allowed upon revocation." Id. at 41. As discussed above, the Court can easily reach a similar conclusion in the case at bar. Hence, the revised supervise release term imposed on Defendant is likely to survive a review under the "plain error" standard because it does not "affect the defendant's substantial rights" nor does it "impaire[] the fairness, integrity, or public reputation of judicial proceedings." Taylor, 845 F.3d at 460.

Even if, arguendo, Defendant Rivera's violations should have been classified as Class "B" Violations, Judge Cerezo could have varied upward and reached the same sentence considering the sentencing factors in 18 U.S.C. § 3553 and the evidence on record. First Circuit case law supports this upward variance. See, e.g., United States v. Alejandro-Rosado, 878 F.3d 435, 440-41 (1st Cir. 2017) (finding a two-year revocation sentence substantively reasonable despite guideline sentencing range of four-to-ten months); United States v. Márquez-García, 862 F.3d 143, 147-48

(1st Cir. 2017) (same). While on supervision, Defendant Rivera-Rivera was twice convicted of possession of controlled substance. The first conviction occurred on 2016 when he pled guilty to two (2) violations or Art. 401 of Puerto Rico's Controlled Substance Law and two (2) violations of Article 404 of the same statue. (Docket No. 5111-1 at 1-2). He pled guilty to those violations and was sentenced to three (3) years of imprisonment. Id. The Court notes that the revocation transcript explains that Defendant was released from custody on April 24, 2018 and was arrested a mere four months later on August 26, 2018 which led to his second conviction. (Docket No. 5196 at 3-4).

The second conviction occurred on January 23, 2019 when he plead guilty to a violation of Art. 406 of Puerto Rico's Controlled Substances Law. (Docket No. 5111-1 at 18). For that 2019 conviction, Defendant was sentenced to one (1) year imprisonment. Id. Simply put, Defendant has proven incapable of complying with two key mandatory conditions of supervision which are, to wit, not violating Federal, State or local laws and not possessing controlled substances.

Considering Plaintiff's history and his non-compliance with the conditions of supervision, Judge Cerezo had a reasonable basis to vary from the Class "B" Violation Guideline and reach the Sentence she imposed to reflect the seriousness of the offense, to promote respect for the law, provide just punishment for the

offense, and to protect the public from further crimes of the defendant. *See* 18 U.S.C. § 3553(a)(2); <u>Vargas-Dávila</u>, 649 F.3d at 132 ("[A] sentencing court properly may consider a defendant's history of non-compliance with conditions of supervised release.") The fact that she did not impose a sentence at the maximum terms allowed by the statute, shows she imposed a sentence she deemed sufficient but not greater than necessary to fulfill sentencing objectives. *See* 18 U.S.C. § 3553(a).

Furthermore, as evidenced by the revocation hearing transcript, Judge Cerezo referenced periods wherein Defendant Rivera-Rivera was able to properly follow the terms of the supervised release. *See* <u>United States v. Miranda-Martínez</u>, 628 F. App'x 771, 773-74 (1st Cir. 2015) ("[T]he district court was fully acquainted […] with the fact that there were periods during which Miranda was able to follow the terms of his supervised release without incident […] [and] could reasonably conclude that Miranda's history of non-compliance […] outweighed any periods of successful supervised release.") The <u>Miranda-Martínez</u> Court further highlighted that it was not revoking the defendant's supervised release "simply because Miranda had committed a crime." <u>Id.</u> at 779. Instead, "the district court considered the fact that Miranda had been given **two** opportunities on supervised release but violated the conditions **both times**. This personal history of recidivism was a factor that caused the district court to conclude

'a term of imprisonment [was] the only viable alternative.'" Id.
(emphasis added). *See also*, Soto-Soto, 855 F.3d at 445 (holding
that statutory maximum sentence of two years, imposed upon
revocation of supervised release, was substantively reasonable,
even if guideline range was 11 months, as defendant repeatedly
left his transitional housing program without authorization,
failed to follow his probation officer's instructions and was
explicitly warned at two previous revocation proceedings that
further violations would result in revocation of his supervised
release).

Finally, the First Circuit has emphasized that "[the fact
that] the district court handed down a harsher sentence than [the
defendant] desired does not reveal an inattentiveness to his
history and characteristics, but rather that it weighed them
differently than [the defendant] did." United States v. Butler-
Acevedo, 656 F.3d 97, 101 (1st Cir. 2011).

## IV. CONCLUSION

Defendant Angel Luis Rivera-Rivera's *Motion for Release
Pending Appeal* (Docket No. 5249) and *Motion for Release Pending
Appeal Without Opposition* (Docket No. 5289) are **DENIED.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico this 10th day of March 2020.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge